UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| LAURA H., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:22-CV-168-CHB |
| ) | |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, *Commissioner of* ) | **MEMORANDUM OPINION** |
| *Social Security*, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Commissioner of Social Security denied Plaintiff Laura H.'s ("Plaintiff's") application for Disability Insurance benefits. Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). [R. 1]. Both Plaintiff [R. 13] and the Commissioner [R. 14] have filed their respective briefs. For the reasons that follow, the Court finds that the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. The Court will therefore affirm the Commissioner's decision.

**I.   Background**

Plaintiff is 59 years old and has a high school education. *See* [Transcript of Administrative Record (hereinafter, "Administrative Transcript" or "Tr.") (attached to Commissioner's Answer as Exhibits 1–9), at 532, 537]. She is presently unemployed but has past relevant work experience as a secretary at a law office from April 2002 to June 2011 and as a Sherriff's Office clerk from September 2013 to July 2016. [Tr. 537].

Plaintiff protectively filed an application for Disability Insurance benefits ("DIB") under Titles II and XVIII of the Social Security Act, 42 U.S.C. § 1382c(a)(3) (the "Act"), on July 8,

2016. [Tr. 320–21, 497–500]. Plaintiff alleges disability beginning on January 1, 2017[1] due to depression, concentration and memory difficulties, heart palpitations, dizziness, thyroid cancer, and low back problems. [Tr. 532, 536].

Plaintiff's application was denied at the agency level and, following a hearing, Administrative Law Judge Joyce Francis ("ALJ Francis") found Plaintiff not disabled on November 30, 2018. [Tr. 307–51]. Plaintiff requested review, and the Appeals Council vacated the decision and remanded Plaintiff's case for further proceedings. [Tr. 352–57]. ALJ Francis held a second hearing and again issued an unfavorable decision on January 25, 2022. [Tr. 27–96].

ALJ Francis applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, ALJ Francis found Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date of January 1, 2017 and the date she was last insured under Title II, December 31, 2020. [Tr. 33]. Next, ALJ Francis found that Plaintiff had the severe impairments of degenerative changes of the cervical spine; lumbago; lumbar radiculopathy; osteoarthritis of the right acromioclavicular (AC) joint; status post wrist fracture and repair; papillary thyroid cancer status post thyroidectomy; diabetes; peripheral neuropathy; incontinence; anxiety; and depression. *Id.* Third, she found that none of Plaintiff's impairments or combination of impairments met or medically equaled the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1. [Tr. 34].

ALJ Francis then determined Plaintiff had the residual functional capacity ("RFC") to perform "medium work," as defined in 20 C.F.R. § 404.1567(c), with the following limitations:

> [the work could] not require more than frequent climbing ladders, ropes, and scaffolds, stooping, crouching, or crawling; more than frequent overhead reaching

---

[1] Plaintiff originally listed her alleged onset date as July 6, 2016, but amended that date during the May 14, 2018 hearing. [Tr. 61, 157–69].

>bilaterally; more than frequent handling, fingering, and feeling with the right upper extremity; more than frequent exposure to extreme cold and vibration; or more than frequent exposure to hazards, such as unprotected heights and dangerous, moving machinery. Additionally, she must be able to wear protective undergarments at work. Mentally, the claimant can understand and remember simple instructions and procedures; can sustain attention and concentration to complete simple tasks with regular breaks every 2 hours throughout an 8-hour workday; interact as needed with supervisors, coworkers, and the public; and adapt to routine work conditions and occasional workplace changes that are gradually introduced.

[Tr. 38]. Fourth, ALJ Francis found Plaintiff unable to perform her past relevant work. [Tr. 44]. Fifth and finally, considering Plaintiff's age, education, work experience, and RFC, ALJ Francis determined there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.*

Based on this evaluation, ALJ Francis concluded that Plaintiff was not disabled, as defined in the Social Security Act, at any point from January 1, 2017, Plaintiff's alleged onset date, through December 31, 2020, the date Plaintiff's insured status under Title II lapsed. [Tr. 45]. Plaintiff sought review of ALJ Francis's decision, and the Appeals Council declined review on July 7, 2022. [Tr. 1]. At that point, the denial became the final decision of the Commissioner, and Plaintiff sought judicial review from this Court. [R. 1].

On January 20, 2023, Plaintiff filed her first motion for summary judgment [R. 9], accompanied by two memoranda, [R. 9-1]; [R. 9-3]. On the Commissioner's motion [R. 11], the Court struck all three documents because Plaintiff did not provide the required statement of legal arguments in her motion or the required citations to the administrative record in her briefs. *See* [R. 12]. The Court ordered Plaintiff to submit a new motion for summary judgment that complies with the Court's standing scheduling order, which requires a supporting memorandum of not more than fifteen pages and containing "specific page citations to the administrative record to support [Plaintiff's] arguments." [R. 7, pp 3–4]. Of note, the scheduling order further advises that the Court

"will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments" and that "[f]ailure to provide specific citations to the record may constitute grounds for denial of the [party's motion for summary judgment]." *Id.* at 4.

On March 13, 2023, Plaintiff filed a new motion for summary judgment [R. 13] and supporting brief [R. 13-1]. The Commissioner then submitted his cross-motion for summary judgment [R. 14], and the matter now stands submitted.

## II.   Standard of Review

As an initial matter, in her brief, Plaintiff cites standards entirely inapplicable to the Court's review of the Commissioner's decision. First, she cites to the summary judgment standards under Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348 (1986). *See* [R. 13-1, pp. 1–2]. Although her motion is technically styled as one for "summary judgment and/or judgment on the pleadings," judicial review of the Commissioner of Social Security's final decision is governed by different standards. "When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may 'not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.'" *McNabb v. Colvin*, No. 3:16CV-00298-DW, 2017 WL 489421, at *2 (W.D. Ky. Feb. 6, 2017) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). The Court's review "is limited to an inquiry as to whether the administrative law judge's findings were supported by substantial evidence," 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (internal citations omitted), and whether the administrative law judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986); *Gayheart v.*

4

*Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013).

Plaintiff's brief next includes a section titled, "THE POWER OF THE COURT TO REVIEW THE ENTIRE RECORD AND BROADEN ITS SCOPE OF REVIEW IF NECESSARY." [R. 13-1, p. 3]. In it, she posits, "[t]he Sixth Circuit has repeatedly concluded that the mere fact that a claimant has requested review, even on a limited basis, invests in the Appeals Council the power to review the entire ALJ decision," before citing to two cases from the Seventh Circuit Court of Appeals and only one from the Sixth Circuit. *Id.* at 3. Thus, Plaintiff's statement that the Sixth Circuit has "repeatedly" drawn such a conclusion is not only unsupported by the law she cites, it pertains to the Appeals Council's authority and has no bearing on the scope of this Court's review. Moreover, any inference that the Court should "review the entire record" or "broaden its scope of review" is particularly troubling in light of this Court's previous warning that it "will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments." [R. 7, p. 4] (citing *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)).

Lastly, Plaintiff cites Kentucky Rule of Civil Procedure 52.01 and Federal Rule of Civil Procedure 52, which provide that a trial court's factual findings shall not be set aside unless clearly erroneous. [R. 13-1, p. 3]. Plaintiff states, "[a] finding of fact is clearly erroneous if it is not supported by substantial evidence, which 'means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men.'" *Id.* (citing *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998)). While not entirely contrary to the applicable standard, the Sixth Circuit has given context-specific meaning to "substantial" in Social Security actions. Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could

5

support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (same). Moreover, the Supreme Court has clarified that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

With the appropriate standards in mind, the Court addresses Plaintiff's substantive arguments.

### III.    Analysis

In her memorandum, Plaintiff states generally that ALJ Francis's findings "are both inaccurate and contradictory in many respects" before quoting each disputed finding, outlining her single-sentence contrary position, and string-citing evidence that allegedly supports her position. *See* [R. 13-1, pp. 3–9]. As the Commissioner notes, most of Plaintiff's arguments remain undeveloped, unsupported by medical evidence in the record, and, most troubling, pertain to ALJ Francis's original decision from 2018, which was vacated by the Appeals Council and is not subject to this Court's review. *See generally id.*

For example, Plaintiff first contends ALJ Francis erred in finding, at step two of the sequential evaluation process, that Plaintiff's mental impairments, including her anxiety and depression, cause no more than mild limitations in any functional area. [R. 13-1, pp. 3–5]. These findings, however, came from ALJ Francis's original decision in 2018. In her subsequent decision, the one on review here, based on the evidence presented and testimony gleaned at the second administrative hearing, ALJ Francis agreed with Plaintiff that her mental impairments caused "moderate limitations" and were therefore severe at step two. *See* [Tr. 33, 36–37]. Plaintiff's arguments concerning this now-vacated finding are therefore moot. To the extent Plaintiff objects

6

to the finding of "moderate" mental impairments in the subsequent decision, the Court notes that the severity standard at step two is merely a threshold inquiry that, if satisfied by the evidence presented by a claimant, allows the administrative law judge to proceed to the remaining steps of the evaluation process. 20 C.F.R. § 404.1523(c). ALJ Francis determined that Plaintiff had severe impairments sufficient to proceed to step three. Therefore, "[t]he fact that some of [claimant]'s impairments were not deemed to be severe at step two is [] legally irrelevant." *Rhodes v. Comm'r of Soc. Sec.*, No. 3:17-CV-167-RGJ-CHL, 2019 WL 7643879, at *6 (W.D. Ky. Mar. 7, 2019) (quoting *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008)).

Next, Plaintiff asserts that, contrary to ALJ Francis's finding at step three, she has "a combination of impairments that medically equals the severity of one or more of the listed impairments." [R. 13-1, p. 5]. Plaintiff does not state which listing she believes she meets, but she does reference a consultative examination sheet filled out by Dr. Maxine Ruddock, which opines that Plaintiff has the severe impairment of "7240 - DDD (Disorders of Back - Discogenic and Degenerative)." *Id.* at 6 (citing [Tr. 312]). Although Plaintiff has failed to meaningfully develop this argument and, consequently, has waived it, *see United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995), the Court will nevertheless consider its merits.

Consistent with Dr. Ruddock's evaluation, ALJ Francis found that Plaintiff's "degenerative changes of the cervical spine" were a severe impairment. [Tr. 33]. Even so, an impairment may be severe without reaching listing level. *See McPeters v. Astrue*, No. CIV.A.1:07-CV-0112-C, 2008 WL 4414542, at *9 (N.D. Tex. Sept. 30, 2008) (internal citation omitted) ("If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment."). Appropriately following the sequential evaluation process, ALJ Francis conducted

7

an RFC assessment where the evidence did not support any listing-level impairments. In crafting Plaintiff's RFC, ALJ Francis accounted for Plaintiff's degenerative changes of the spine by limiting her to no more than "frequent climbing ladders, ropes, and scaffolds, stooping, crouching, or crawling" and no more than "frequent overhead reaching bilaterally" and "handling, fingering, and feeling with the right upper extremity." [Tr. 38]. Before doing so, however, ALJ Francis thoroughly considered whether any of Plaintiff's impairments reached listing-level even though "*claimant did not argue*, the undersigned's independent review of the record does not establish, nor is there medical source endorsement of the clinical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any physical listed impairment." [Tr. 34].

Listed impairments are considered by the Social Security Administration to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Reynolds v. Comm's of Soc. Sec.*, 424 Fed. Appx. 411, 414 (6th Cir. 2011). Because a claimant who meets the requirements of a listed impairment at step three will be deemed conclusively disabled and entitled to benefits, the burden on the claimant is high. *Robinson v. Comm'r of Soc. Sec.*, 426 F. Supp. 3d 411, 421 (E.D. Mich. 2019); *see also Sullivan v. Zebley*, 493 U.S. 521, 530–31 (1990). An impairment must satisfy all criteria of a listing to "meet" listing-level; a diagnosis alone is insufficient, and satisfaction of only some criteria is likewise insufficient. 20 C.F.R. § 416.925(d). An impairment may also qualify as disabling if it "medically equals" a listed impairment, meaning it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). In this case, Plaintiff made no attempt at the agency level and has made no genuine attempt in her appeal before this Court to meet her burden of demonstrating a listing-level impairment. Even so, ALJ Francis thoughtfully considered

8

whether Plaintiff met Listing 1.15, disorder of the skeletal spine; Listing 1.16, lumbar spinal stenosis resulting in compromise of the cauda equina; or Listing 1.18, abnormality of a major joint in any extremity, in addition to considering whether Plaintiff met any listing-level mental impairments. *See* [Tr. 33–34]. Plaintiff has pointed to no specific error in ALJ Francis's analysis, and the Court finds none.

Plaintiff also asserts, without any attempt at formal development, that "[i]t is clear from the record" she "does not retain the residual functional capacity to perform medium work." [R. 13-1, p. 6]. Along the same lines, Plaintiff submits "she is incapable" of performing most of the specific activities ALJ Francis found she could in the RFC. *Id.* at 7. In the way of support, she simply string-cites various administrative findings and evidence, offering no accompanying argument or supportive case law. *See id.* at 6–7. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Layne*, 192 F.3d at 566 (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see also Brindley*, 61 F.3d at 509 (observing that "[w]e consider issues not fully developed and argued to be waived"). The Court has made clear that it "will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments." [R. 7, p. 4]; *see also Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (noting claimant's contrary positions with respect to ALJ's findings "without elaboration or legal argument, failing even to hint at their legal significance or virtue," are generally waived). In light of Plaintiff's utter failure to adequately formulate her arguments concerning ALJ Francis's RFC finding, the Court deems them waived.

Even so, having reviewed the record and considered the specific evidence Plaintiff string-cites, the Court finds no indication that ALJ Francis's RFC was not supported by substantial evidence. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (noting an ALJ's decision may be supported by substantial evidence "even if that evidence could

9

support a decision the other way"). The RFC finding is the administrative law judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946. The administrative law judge bases her residual functional capacity finding on a review of the record as a whole, including a claimant's credible testimony and the opinions from a claimant's medical sources. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In her RFC determination, ALJ Francis explained that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record," as the "[l]argely modest medical evidence is unpersuasive for disabling mental or physical limitations, let alone the claimant's oft-acute subjective allegations." [Tr. 39]. ALJ Francis then engaged in a detailed discussion of the medical evidence of record supporting that conclusion. [Tr. 39–44]. On review, the Court finds ALJ Francis's RFC determination is supported by substantial evidence, including Plaintiff's medical records and her own testimony, and the Court finds no error.

Moreover, to the extent Plaintiff argues, by cursorily citing to the findings of the single decisionmaker ("SDM") at the state agency level, that ALJ Francis should have adopted those specific findings, the Court notes that SDM assessments "are not opinion evidence" and properly play no part in an ALJ's analysis of the record. *See* Program Operations Manual System (POMS) DI § 24510.050(C), http://policy.ssa.gov/poms.nsf/lnx/0424510050 ("SDM-completed forms are not opinion evidence at the appeal levels."); *White v. Comm'r of Soc. Sec.*, No. 12-cv-12833, 2013 WL 4414727, at *8 (E.D. Mich. Aug.14, 2013) (explaining that, "under the regulations and agency policy, SDM assessments have no place in an ALJ's disability determination").

Next, Plaintiff contends ALJ Francis erred in finding she is capable of performing her past

10

work as a secretary, legal secretary, general office clerk, or housekeeper because, according to Plaintiff, if she were capable, "then she would have still been performing it." [R. 13-1, p. 8]. Elaborating on this position, but without any citation to the record, Plaintiff notes, "Since the onset of her treatment Plaintiff missed 28 days of work in 1052 due to medical appointments, 31 days of work for medical appointments in 2016, and her medical appointments increased to 54 in 2017" and that, "[t]hese absences alone, not including other absences for other reasons, like a death in the family or illness not requiring medical attention, constitute sufficient grounds for any employer to find an employee to be unemployable." *Id.* at pp. 8–9. In response, the Commissioner argues "[t]his assertion does not support remand" because Plaintiff was able to continue working a forty-hour week for all of 2015 and for half of 2016 despite attending medical appointments. [R. 14, p. 12] (citing [Tr. 567–68, 622, 651]).

First and foremost, Plaintiff has again cited to ALJ Francis's original 2018 decision, which was vacated and is not subject to this Court's review. In the subsequent decision, ALJ Francis found Plaintiff unable to perform any of her past relevant work. *See* [Tr. 44]. Moreover, to the extent Plaintiff suggests her medical appointments remain a barrier to any gainful employment, she bears the burden of showing that her medical appointments cannot be scheduled outside of her normal working hours. *See Noe v. Kijakazi*, No. 5:22-CV-00144-EBA, 2023 WL 2382729, at *4 (E.D. Ky. Mar. 6, 2023) ("[M]ultiple courts in this circuit indicate 'that a claimant bears the burden of showing that [her] appointments necessarily conflict with a work schedule and cannot be scheduled prior to work, after work, . . . on a non-work day.'") (quoting *Hodson v. Comm'r of Soc. Sec.*, No. 3:17-cv-96, 2018 WL 3326842, at *4–6 (W.D. Ky. Mar. 1, 2018), report and recommendation adopted, 2018 WL 1558106 (W.D. Ky. Mar. 30, 2018)); *see also Beck v. Comm'r*

---

2 The Court presumes this is a scrivener's error and that Plaintiff means she missed 28 days in 2015, and not 28 days in a 105-day period. In either case, the Court's analysis and conclusion remain the same.

11

*of Soc. Sec.*, No. 4:19-CV-2320, 2020 WL 5417536, at *3–4 (N.D. Ohio Sept. 10, 2020) (cleaned up):

> Plaintiff asks this Court to simply assume that she needed the number of appointments that her medical professionals allegedly scheduled for her—that is, to allow "her actual schedule of appointments . . . to speak for itself." . . . But in case after case in the Social Security context, it is standard operating procedure to require evidence to support subjective opinions and information. For example, even though the opinion of a treating medical source is generally given considerable weight, it is not sufficient for that source to simply declare a conclusion; an ALJ and a reviewing court will always require support in the medical record for that conclusion. . . . Nor is it enough to prove a disability that a claimant states her own subjective view regarding her intensity of pain and her ability to work; while the regulations forbid outright rejection of a claimant's own subjective assessments, 20 C.F.R. § 404.1529, in order for the assessment to be deemed credible, there must be some support in the record.
>
> . . .
>
> And, as here, it is not sufficient for plaintiff to argue that, since her medical professionals apparently scheduled her for several appointments, that schedule should "speak for itself" to establish, without objective evidence in the record, that she needed that many appointments and, therefore, is (or must be) disabled. Plaintiff has pointed to no case law in support of her proposition that her schedule of appointments (even if it were in the record) would be sufficient by itself to establish a disability, and the Court's own independent research has found none.

Here, Plaintiff states she missed a significant number of days between 2015 and 2017 for medical appointments and then simply cites "(*see* Brief)." [R. 13-1, p. 8]. She does not direct the Court to any evidence in the record that affirmatively indicates it was necessary for her to attend those appointments during work hours. And upon its review of the record, the Court has located no such evidence. Accordingly, despite Plaintiff's absenteeism, ALJ Francis did not err in finding Plaintiff could perform her past relevant work.

Lastly, in a single sentence, Plaintiff objects to ALJ Francis's ultimate disability determination, positioning that, "In fact, she has been under a disability . . . as supported by the citations to the record previously set forth herein." [R. 13-1, p. 9]. As the Court has already pointed

12

out, however, the string-cites throughout Plaintiff's memorandum of law are not sufficiently explained or supported. Notably, other than the incorrect standards of review she cites at the outset, Plaintiff does not cite a single case supporting any of her arguments in this appeal. Her "citations to the record" do not, therefore, support her conclusory position that she has been under a disability. *See Smith v. Berryhill*, 6:17-cv-00261-JMH, 2019 WL 1429563, at *5 (E.D. Ky. March 29, 2019) (concluding plaintiff waived arguments when she "ha[d] largely failed to provide any meaningful argument on the issues raised on appeal" and instead cited only case law with nothing "specific to the facts of this case"). While, as in any Social Security action, there might be evidence in the record that could support a contrary conclusion, ALJ Francis thoroughly considered the record evidence, her findings are supported by substantial evidence, and Plaintiff has raised no convincing arguments to the contrary. The Court finds no error in ALJ Francis's decision.

### IV. Order

For the above-stated reasons, the Court finds the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

This the 31st day of July, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

Copies:       Counsel of Record